**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CENTER FOR FOOD SAFETY, <br> 660 Pennsylvania Ave SE #402 <br> Washington, DC 20003 | ) <br> ) <br> ) <br> ) | |
| *Plaintiff,* | ) <br> ) | Case No.  1:18-cv-01123 |
| vs. | ) <br> ) <br> ) <br> ) | **COMPLAINT FOR DECLARATORY** <br> **AND INJUNCTIVE RELIEF** |
| UNITED STATES DEPARTMENT OF <br> AGRICULTURE, AGRICULTURAL <br> MARKETING SERVICE <br> 1400 Independence Avenue, SW <br> Washington, D.C. 20250 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| *Defendant.* | ) <br> ) <br> ) | |

1

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.      NATURE OF ACTION

1.          The Center for Food Safety (CFS)—a nonprofit public interest and

environmental advocacy organization working to protect human health and the environment—

brings this civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for

injunctive and declaratory relief stemming from the failures of Defendant, the United States

Department of Agriculture (USDA) and its component agency the Agricultural Marketing

Service (AMS), to provide records concerning the AMS's regulatory oversight of organic food

production.

2.          CFS filed a FOIA request with the AMS in order to understand the actions of

the National Organic Program (NOP), a regulatory program housed within the AMS,

surrounding compost and other input standards for organic production pursuant to the Organic

Food Production Act (OFPA). The goal of the request was to open up the operations and

activities of government to public scrutiny and contribute significantly to the public's

understanding of the agency's actions.

3.          Defendant is unlawfully withholding records by failing to search for and

provide any responsive records to CFS. Defendant's failure to provide an initial determination of

the scope of the records to be produced or withheld, an estimated date of completion of the

agency's search and production, and any document in response to CFS's FOIA request, is

contrary to FOIA and undermines the statute's basic purpose of government transparency.

4.          Because prompt access to these records is necessary to effectuate FOIA's

purpose, CFS seeks declaratory relief establishing that Defendant is in violation of FOIA, and

injunctive relief directing the Defendant to provide responsive records without any further delay.

## II.     JURISDICTION AND VENUE

5.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.

6.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which

expressly provides a venue for FOIA cases in the District Court of the District of Columbia.

7.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. §

552(a)(4)(B).


## III.     PARTIES

9.      Plaintiff CFS is a national 501(c)(3) nonprofit public interest and

environmental advocacy organization that empowers people, supports farmers, and protects the

environment from the harms of industrial food production, including through support of organic

agriculture. With over 950,000 supporters nationwide, CFS informs, educates, and counsels the

public on the harm done to human health, animal welfare, and the environment by industrial

agriculture. Through nearly two decades of involvement in environmental litigation and

policymaking as it relates to food and environmental impacts, CFS has demonstrated its ability to

take technical information provided by government agencies and distill it into a format that is

accessible to the public. CFS employs science and policy experts who have analyzed FOIA,

National Environmental Policy Act (NEPA), ESA, OFPA, and other environmental and scientific

reports for their entire careers. CFS has since its inception in 1997 had a flagship program on

protecting organic standards and their integrity. CFS puts out reports on a variety of topics,

including on organic food, food labeling, genetically engineered foods, aquaculture, pesticides, food and feed additives, and other food and agricultural topics that tend to be difficult for the layperson to understand without professional assistance. As a leading organic stakeholder and policy advocate, CFS provides written and oral testimony to the National Organic Standards Board (NOSB) on a variety of topics every year, including this issue. CFS and its members are harmed by Defendant's violations of FOIA, as such violations preclude CFS from gaining a full understanding of the decision-making process regarding the underlying agency actions.

10. Defendant USDA is a Department of the Executive Branch of the United States Government and includes component entity AMS. USDA is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## IV.    LEGAL BACKGROUND

11. The basic purpose of FOIA is to provide public oversight of agency action. To this end, FOIA establishes the public's right to access all federal agency records unless such records may be withheld pursuant to one of nine, narrowly construed exemptions. 5 U.S.C. § 552(b)(1)-(9).

12. FOIA places the burden on the agency to prove that it may withhold responsive records from a requester. *Id*. § 552(a)(4)(B).

13. FOIA imposes stringent deadlines on federal agencies requiring that "[e]ach agency, upon request for records…shall…determine within 20 days…after receipt of any such request whether to comply with such request and shall immediately notify the person making such a request of…such determination and the reasons therefor." *Id*. § 552(a)(6)(A).

14.      Congress has specified limited circumstances in which federal agencies may obtain more time to make this initial determination. First, an agency may toll the 20-working-day deadline to seek additional information or clarification from a requester, but that tolling period ends when the agency receives such information or clarification. *Id.* § 552(a)(6)(A)(ii). Second, an agency may extend the 20-working-day deadline for an additional 10 working days by giving a written notice to the requester that sets forth "unusual circumstances" to justify a deadline extension. *Id.* § 552(a)(6)(B)(i).

15.      Under FOIA, "[a]ny person making a request to any agency for records…shall be deemed to have exhausted his administrative remedies…if the agency fails to comply with the applicable time limit provision[.]" *Id.* § 552(a)(6)(C)(i).

16.      If an agency has not responded within the statutory time limits of 5 U.S.C. § 552(a)(6)(C), "the requester may bring suit" and constructive exhaustion[1] "allows immediate recourse to the courts to compel the agency's response to a FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62, 64 (D.C. Cir. 1990).

17.      In order for a response to be sufficient for purposes of requiring an administrative appeal, it must include: (1) "the agency's determination of whether or not to comply with the request", (2) "the reasons for its decision", and (3) "notice of the right of the requester to appeal to the head of the agency if the initial agency decision is adverse." *Oglesby*, 920 F.2d at 65; *see also Citizens for Responsibility and Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) ("in order to make a 'determination' and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review

---

[1] "Constructive exhaustion is determined by the actions (or lack thereof) an agency has taken by the time a suit is filed in the district court." *Wisdom v. U.S. Tr. Program*, 232 F. Supp. 3d 97, 113 (D.D.C. 2017) (citing *Oglesby*, 920 F.2d at 64).

the documents; (ii) determine and communicate the scope of the documents it intends to produce

and withhold, and the reasons for withholding any documents; and (iii) inform the requester that

it can appeal whatever portion of the 'determination' is adverse.'').

18.        Moreover, FOIA requires that a determination under 5 U.S.C. § 552(a)(6)(A)

"must be more than just an initial statement that the agency will generally comply with a FOIA

request and will produce non-exempt documents and claim exemptions in the future." *Citizens*

*for Responsibility and Ethics in Washington*, 711 F.3d at 188.

19.        Once constructive exhaustion occurs, the court "then has the authority to

oversee and supervise the agency's progress in responding to the request." *Seavey v. DOJ*, Case

No. 15–1303, 2017 WL 3112816, *2 (D.D.C. July 20, 2017) (citing *Citizens for Responsibility*

*and Ethics in Washington*, 711 F.3d at 189); *see also Clemente v. FBI*, 71 F. Supp. 3d 262, 269

(D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents

according to a court-imposed timeline.").

20.        In regards to actual production, "FOIA requires that the agency make the

records 'promptly available,' which depending on the circumstances typically would mean

within days or a few weeks of a 'determination,' not months or years." *Citizens for*

*Responsibility and Ethics in Washington,* 711 F.3d at 188 (citing 5 U.S.C. § 552(a)(3)(A),

(a)(6)(C)).

21.        Finally, FOIA requires that the agency provide "information about the status

of a request…including…an estimated date on which the agency will complete action on the

request." 5 U.S.C. § 552(a)(7)(B)(ii).

## V.    FACTUAL BACKGROUND

22.    The issue of organic compost is a long-standing one for CFS. For example, in 2014, CFS learned that Defendant was allowing pesticide-contaminated compost to be used in organic food production, despite its use being contrary to OFPA and current OFPA regulations. Defendant was allowing such use through a "guidance" document, that was actually a substantive rule that had the force and effect of law. CFS filed suit challenging the loophole created by the guidance. *See Center for Food Safety v. Vilsack*, 2015 WL 5698757 (N.D. Cal. 2015). The Court agreed that the guidance was unlawfully promulgated, granted Plaintiffs summary judgment, and vacated the guidance, and remanded to the agency. *Center for Food Safety v. Vilsack*, 2016 WL 3383954 (N.D. Cal. 2016). Defendant had indicated it was going to address this issue properly in the future, through a notice and comment rulemaking. Yet, nothing has happened. Thus, Plaintiff's FOIA request described below seeks information regarding USDA's activities and plans for regulating inputs like compost used in organic production and maintaining organic standards.

23.    On November 13, 2017, Plaintiff submitted a FOIA request via USDA's public access website for "[a]ny and all documents from September 1, 2016, to the present concerning the National Organic Program (NOP)'s proposed amendment to compost standards for organic production, including, but not limited to: any changes to the organic regulations, 7 C.F.R. Part 205, regarding compost and/or soil amendments; the Notice of Proposed Rulemaking initially set in fall 2016 for April, 2017; and the subsequent withdrawal of the proposed rulemaking action on June 28, 2017" (November 13 FOIA Request).

24.    On the same day, November 13, 2017, AMS confirmed receipt of the November 13 FOIA Request and assigned it the tracking number "2018-AMS-00909-F."

25.      A determination on the November 13 FOIA Request was due by December 12, 2017, which is 20 working days after the date of the Defendant's acknowledgment of the request.

26.      Beyond Defendant's initial acknowledgement of the November 13 FOIA Request, Plaintiff received no further communications from Defendant until February 8, 2018 when the Defendant emailed Plaintiff that "[d]ue to unexpected circumstances, we are notifying you that the response in the above referenced [November 13 FOIA Request] will not be completed as scheduled. We expect to provide the response no later than February 28, 2018."

27.      On March 28, 2018, Plaintiff sent an email to Defendant inquiring into the status of the November 13 FOIA Request. Specifically, Plaintiff sought an initial determination and an estimated date of completion in regards to production of documents responsive to the November 13 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A), (a)(7)(B)(ii).

28.      In response, Defendant emailed Plaintiff on March 30, 2018 stating it was "very sorry for the extended delay to our response but the documents responsive to this request contain equities from outside AMS. As a result, this request is being referred to other agencies for their review. We will provide you with a response when we receive the results of our referrals/consultations."

29.      On April 11, 2018, Plaintiff again emailed Defendant regarding the status of the request. Hearing no response, again on April 20, 2018 Plaintiff emailed Defendant requesting the scope of records the agency intended to produce and any withholdings, to better assist the agency in narrowing the scope of materials should the request be too voluminous, and seeking rolling production of documents.

30.     Once again, Defendant emailed Plaintiff on April 20, 2018, apologizing for the agency's response having "dragged on this long" and asking for Plaintiff's "patience for just a few days more" assuring that the agency "will have an answer for you by Wednesday of next week, if not sooner."

31.     As of the date of this complaint, Plaintiff has received no further communications from Defendant. Nearly 6 months from Defendant's receipt of the November 13 FOIA Request, AMS has not requested additional time to respond, provided any responsive records, provided an estimated date of completion, or provided a determination in response to the November 13 FOIA Request.

32.     None of FOIA's nine exemptions to the statute's disclosure mandate apply to the records that are responsive to Plaintiff's FOIA requests.

33.     CFS has been required to expend resources to prosecute this action.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Defendant Failed to Comply with FOIA's Mandatory Determination Deadline

34.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

35.     Defendant has violated FOIA by failing to disclose records that are responsive to Plaintiff's November 13 FOIA Request.

36.     To date, AMS has not provided Plaintiff with an initial determination in response to the November 13 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(6)(A) of an agency response within 20 working days detailing the scope of the records the

agency intends to produce and withhold, the reasons for making that determination, and an

explanation of the process by which Plaintiff can administratively appeal that determination.

37.      Defendant's failure to make an initial determination in regards to the

November 13 FOIA Request, thus unlawfully delaying its response beyond the deadline that

FOIA mandates, has prejudiced Plaintiff's ability to timely obtain public records. *Id*. §

552(a)(6)(A)(i),

38.      As such, Plaintiff has exhausted the applicable administrative remedies with

respect to the November 13 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

39.      Due to the nature of Plaintiff CFS's organizational activities, it will

undoubtedly continue to employ FOIA's provisions in record requests to Defendant AMS in the

foreseeable future.

40.      Plaintiff's organizational activities will be adversely affected if Defendant

continues to violate FOIA by failing to disclose responsive records as it has in this case.

41.      Unless enjoined and made subject to a declaration of Plaintiff's legal rights by

this Court, Defendant will continue to violate Plaintiff's rights to receive public records under

FOIA.

**SECOND CAUSE OF ACTION**
**Defendant Unlawfully Withheld All Responsive Records**

42.      The allegations made in all preceding paragraphs are realleged and

incorporated by reference herein.

43.      Plaintiff has a statutory right to the records it seeks, and there are no

exemptions under FOIA that apply to provide a legal basis for Defendant to withhold these

records from Plaintiff. *See* 5 U.S.C. § 552(b)(1)-(9).

44.      To date, Defendant has not provided any records requested by Plaintiff in the

November 13 FOIA Request, notwithstanding the requirement of 5 U.S.C. § 552(a)(3)(A) and 5

U.S.C. § 552(a)(6)(C) to make agency records "promptly available."

45.      As such, Defendant is wrongfully withholding public disclosure of

information sought by Plaintiff, information for which it is entitled and for which no valid

disclosure exemption has been claimed, thus prejudicing Plaintiff's ability to timely obtain

public records.

46.      Plaintiff has exhausted the applicable administrative remedies with respect to

the November 13 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

47.      Due to the nature of Plaintiff CFS's organizational activities, it will

undoubtedly continue to employ FOIA's provisions in record requests to Defendant AMS in the

foreseeable future.

48.      Plaintiff's organizational activities will be adversely affected if Defendant

continues to violate FOIA by failing to disclose responsive records as it has in this case.

49.      Unless enjoined and made subject to a declaration of Plaintiff's legal rights by

this Court, Defendant will continue to violate Plaintiff's rights to receive public records under

FOIA.

## THIRD CAUSE OF ACTION
### Defendant Failed to Conduct an Adequate Search for Responsive Records

50.      The allegations made in all preceding paragraphs are realleged and

incorporated by reference herein.

51.      Plaintiff has a statutory right to have Defendant process its November 13

FOIA Request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3). Defendant violated

Plaintiff's rights in this regard when it unlawfully failed to undertake a search that is reasonably

calculated to locate all records that are responsive to the November 13 FOIA Request, thus prejudicing Plaintiff's ability to timely obtain public records.

52.     Plaintiff has exhausted the applicable administrative remedies with respect to the November 13 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

53.     Due to the nature of Plaintiff CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Defendant AMS in the foreseeable future.

54.     Plaintiff's organizational activities will be adversely affected if Defendant continues to violate FOIA by failing to disclose responsive records as it has in this case.

55.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate Plaintiff's rights to receive public records under FOIA.

## FOURTH CAUSE OF ACTION
### Defendant Failed to Provide Reasonably Segregable Portions of Any Lawfully Exempt Records

56.     The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

57.     Plaintiff has a statutory right to any reasonably segregable portion of a record that contains information that is subject to any of FOIA's exemptions. 5 U.S.C. § 552(b).

58.     Defendant violated Plaintiff's rights by unlawfully withholding reasonably segregable portions of any lawfully exempt records that are responsive to the November 13 FOIA Request.

59.     Defendant's failure to disclose reasonably segregable portions of any lawfully

exempt records that are responsive to the November 13 FOIA Request has prejudiced Plaintiff's

ability to timely obtain public records.

60.     Plaintiff has exhausted the applicable administrative remedies with respect to

the November 13 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

61.     Due to the nature of Plaintiff CFS's organizational activities, it will

undoubtedly continue to employ FOIA's provisions in record requests to Defendant AMS in the

foreseeable future.

62.     Plaintiff's organizational activities will be adversely affected if Defendant

continues to violate FOIA by failing to disclose responsive records as it has in this case.

63.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by

this Court, Defendant will continue to violate Plaintiff's rights to receive public records under

FOIA.

### FIFTH CAUSE OF ACTION
### Defendant Failed to Provide an Estimated Date of Completion as Required by FOIA

64.     The allegations made in all preceding paragraphs are realleged and

incorporated by reference herein.

65.     Plaintiff has a statutory right to have Defendant process its November 13

FOIA Request in a manner which complies with FOIA. Defendant has violated Plaintiff's rights

in this regard by its failure to provide—by any means—an estimated completion date for its

response to the November 13 FOIA Request as required by FOIA. 5 U.S.C. § 552(a)(7)(B)(ii).

66.     Defendant's failure to make and inform Plaintiff of an estimated completion

date for the November 13 FOIA Request has prejudiced Plaintiff's ability to timely obtain public

records.

67.     Plaintiff has exhausted the applicable administrative remedies with respect to the November 13 FOIA Request pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

68.     Due to the nature of Plaintiff CFS's organizational activities, it will undoubtedly continue to employ FOIA's provisions in record requests to Defendant AMS in the foreseeable future.

69.     Plaintiff's organizational activities will be adversely affected if Defendant continues to violate FOIA by failing to disclose responsive records as it has in this case.

70.     Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate Plaintiff's rights to receive public records under FOIA.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Order Defendant to conduct searches that are reasonably calculated to locate all records responsive to Plaintiff's November 13 FOIA Request with the cut-off date for searches being the date the searches are conducted, and to provide to Plaintiff, by a date certain, with all responsive records and reasonably segregable portions of lawfully exempt records sought in this action.

2.     Declare that Defendant unlawfully failed to make determinations on Plaintiff's November 13 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

3.     Declare that Defendant unlawfully failed to apply FOIA exemptions as required by 5 U.S.C. § 552(b).

4.      Declare that Defendant unlawfully failed to undertake a search for and disclose to Plaintiff all records responsive to Plaintiff's November 13 FOIA Request as required by 5 U.S.C. § 552(a)(6)(A)(i).

5.      Declare that Defendant unlawfully failed to provide Plaintiff with reasonably segregable portions of records which may be law fully subject to a FOIA exemption as required by 5 U.S.C. § 552(a)(7)(b).

6.      Declare that Defendant unlawfully failed to provide Plaintiff with an estimated date of completion as to the search and production of Plaintiff's November 13 FOIA Request as required by 5 U.S.C. § 552(a)(7)(B)(ii).

7.      Provide for expeditious proceedings in this action.

8.      Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412.

9.      Grant such other relief as the Court may deem appropriate.

Dated this 10th day of May, 2018.

Respectfully submitted,

CENTER FOR FOOD SAFETY,

/s/ George A. Kimbrell
_____

GEORGE A. KIMBRELL (WA 36050)
Center for Food Safety
917 SW Oak St. Suite 300
Portland, Oregon 97205
T: (971) 271-7372 / F: (971) 271-7374
Email: gkimbrell@centerforfoodsafety.org

KELLAN SMITH (*Pro Hac Vice* Pending)
Center for Food Safety
303 Sacramento Street, 2nd Floor
San Francisco, CA 94111
T: (415) 826-2770 / F: (415) 826-0507
Email: ksmith@centerforfoodsafety.org

*Counsel for Plaintiff*